KEVIN V. RYAN (CSBN 118321)
United States Attorney

EUMI L. CHOI (WVBN 0722)
Chief, Criminal Division

MARK L. KROTOSKI (CSBN 138549)
Assistant United States Attorney

   150 Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5035
   Facsmile:   (408) 535-5066

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

*E-FILED - 10/3/05*

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 05-00445-RMW |
|    Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME, CONTINUANCE AND ORDER |
| v. | |
| NATHANIEL E. LOVELL,<br>   aka Nate Lovell, aka pestilenc, aka pest, | |
|    Defendant. | |

It is hereby stipulated and agreed between defendant Nathaniel E. Lovell, and his counsel Jack Gordon, and the United States as follows:

This matter was set for a status conference on September 26, 2005 at 9:00 a.m. In this copyright infringement case, the defense needs more time to prepare, review discovery previously provided, including a substantial amount of digital evidence, and research legal and sentencing issues. On July 14, 2005, defendant Lovell was arraigned on a nine-count indictment, charging as follows: Count One: Conspiracy to Commit Criminal Copyright Infringement, Infringement By Electronic Means, Infringement By Distributing A Commercial Distribution Work, Traffic in Devices to Circumvent a Technological Measure that Protects a Copyright

STIPULATION REGARDING EXCLUDABLE TIME AND ORDER
CR 05-00445-RMW

1 | Work, Circumvent a Technological Measure that Protects a Copyright Work, and Use
2 | Audiovisual Recording Devices to Make Unauthorized Copies Of Audiovisual Works, in
3 | violation of 18 U.S.C. § 371; Count Two:  Circumventing a  Technological Measure Protecting a
4 | Copyright Work and Aiding and Abetting, in violation of 17 U.S.C. §§ 1201(a)(1)(A),
5 | 1204(a)(1), and 18 U.S.C. § 2; Counts Three, Four and Five:  Trafficking in Technology
6 | Primarily Designed to Circumvent  Technological Measures Protecting A Right of a Copyright
7 | Owner and Aiding and Abetting, in violation of 17 U.S.C. §§ 1201(a)(2)(A), and 1204(a)(1) and
8 | 18 U.S.C. § 2; Counts Six, Seven, Eight and Nine:  Criminal Copyright Infringement By
9 | Electronic Means and Aiding and Abetting, in violation of 17 U.S.C. § 506(a)(1)(B), 18  U.S.C.
10 | § 2319(c)(1) and 18 U.S.C. § 2; and an allegation of Criminal Forfeiture and Destruction, in
11 | violation of 17 U.S.C. §§ 506(b) and 509(a).
12 |      The parties stipulate and move the Court to exclude time under the Speedy Trial Act from the
13 | September 26, 2005, until October 3, 2005, because the parties believe that the ends of justice
14 | served by the granting of such a continuance outweigh the best interests of the public and the
15 | defendant in a speedy trial, particularly since reasonable time is needed for the defense to
16 | prepare for pretrial and trial matters, pursuant to 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(ii).
17 | The parties further stipulate that time may be excluded for reasonable time for defense
18 | preparation, since the failure to exclude time would deny counsel for the defendant reasonable
19 | time necessary for effective preparation, taking into account the exercise of due diligence,
20 | // // //
21 | // // //

1 | pursuant to 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(iv).  The parties request that the status
2 | conference set for September 26, 2005 be continued to October 3, 2005 at 9:00 a.m.
3 |     So stipulated.
4 | Dated: September 20, 2005

KEVIN V. RYAN
United States Attorney

/s/
_____
MARK L. KROTOSKI
Assistant United States Attorney

    So stipulated.

Dated: September 20, 2005

/s/
_____
JACK GORDON
Attorney for Defendant Lovell

## **ORDER**

Based upon the foregoing Stipulation and good cause appearing therefor,

**IT IS HEREBY ORDERED** that the status conference set for September 26, 2005 at 9:00 a.m. for defendant Lovell shall be continued to October 3, 2005 at 9:00 a.m.

**IT IS FURTHER ORDERED** that the time between September 26, 2005 and October 3, 2005 shall be excluded from the computation period within which the trial must commence, for the reasons and based upon the statutory provisions set forth by the parties in this Stipulation, including that time is needed for effective defense preparation..  The Court finds that the ends of justice outweigh the interests of the public and the parties in a speedier trial under 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(ii) (complexity), 3161(h)(8)(B)(iv) (reasonable time necessary for effective preparation taking into account the exercise of due diligence).

DATED: October 3, 2005

/s/ Ronald M. Whyte
_____
RONALD M. WHYTE
United States District Judge